**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| 4Kids Entertainment, Inc., *et al.*,[1] | Case No. 11-11607 (SCC) |
| Debtors. | (Jointly Administered) |
| TV Tokyo Corporation and Nihon Ad Systems, Inc., |  |
| Plaintiffs, |  |
| vs. | Case No. 11-02225 (SCC) |
| 4Kids Entertainment, Inc., |  |
| Defendant. |  |

**AGREED ORDER SETTING TRIAL SCHEDULE AND ENFORCING AUTOMATIC STAY WITH RESPECT TO 4KIDS' RIGHTS UNDER THE YU-GI-OH! LICENSE**

Upon motion (the "Motion") [Docket No. 61][2] of 4Kids Entertainment, Inc., defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"), and its affiliated debtors (collectively, "4Kids"); and by agreement between plaintiffs TV Tokyo Corp. and Nihon Ad Systems, Inc. (collectively, "Plaintiffs") and 4Kids; and the Court having jurisdiction to grant the relief provided below pursuant to 28 U.S.C. §§ 157 and 1334; and proper and adequate notice of the Motion having been given and no other or further notice being

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: 4Kids Entertainment, Inc. (1380); 4Kids Ad Sales, Inc. (6309); 4Kids Digital Games, Inc. (7645); 4Kids Entertainment Home Video, Inc. (0094); 4Kids Entertainment Licensing, Inc. (3342); 4Kids Entertainment Music, Inc. (6311); 4Kids Productions, Inc. (3593); 4Kids Technology, Inc. (8181); 4Kids Websites, Inc. (7563); 4Sight Licensing Solutions, Inc. (8897); The Summit Media Group, Inc. (2061); and World Martial Arts Productions, Inc. (8492).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

necessary; and the Court having determined that the relief granted below is in the best interests of the Debtors, their creditors, and all parties-in-interest; and upon consideration of the Motion, the declarations of Mr. Samuel Newborn [Docket No. 62] and Mr. Yoshihiko Shinoda [Docket No. 112], the exhibits attached thereto, and all proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.  Trial of the Adversary Proceeding shall be bifurcated into two phases, commencing with an initial phase solely for purposes of determining (a) whether the Plantiffs' purported termination of 4Kids' rights under the Yu-Gi-Oh! license was effective and (b) whether the amounts owing to the Plaintiffs, if any, under the audit claims in paragraph 16 of the Complaint exceed the credits claimed by 4Kids for amounts paid or advanced to or on behalf of the Plaintiffs.

2.  The following schedule shall apply to the initial phase of trial:

| Date | Event |
| --- | --- |
| June 10, 2011 | 4Kids to answer or otherwise plead |
| June 15, 2011 | Initial disclosures due for both sides |
| June 20, 2011 | Deadline to serve discovery requests |
| July 22, 2011 | Discovery responses/objections due; deadline for document production |
| August 12, 2011 | Expert disclosures |
| August 19, 2011 | Discovery cutoff for liability phase |
| August 24, 2011 | Witness/Exhibit Lists |
| August 29, 2011 at 10:00 a.m. | Commence trial of initial phase |

3.  The Parties may extend the deadlines above that relate to discovery by agreement, with notice to the Court. All other extensions shall be by order of the Court.

4.  This matter is set for status hearing on June 21, 2011, at 10:00 a.m.

5. Except as may be provided in any subsequent order of this Court:

a. the automatic stay imposed by section 362(a) of the Bankruptcy Code shall remain in full force and effect with respect to 4Kids' rights under the Yu-Gi-Oh! license (including without limitation under the 2001 and 2008 Agreements, as amended, modified or supplemented from time to time); and

b. (i) the Plaintiffs, on their own behalf and on behalf of their respective officers, directors, employees, agents, attorneys, successors, assigns, and others controlled by or affiliated with the Plaintiffs, agree not to take or cause to be taken any actions to exercise control over, or interfere with 4Kids' enjoyment of, 4Kids' rights under the Yu-Gi-Oh! license, and (ii) the Plaintiffs and 4Kids confirm that they will satisfy their respective contractual obligations under the Yu-Gi-Oh! license, including without limitation the Plaintiffs' delivery of completed episodes of the ZeXal series to 4Kids.

6. This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

7. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall take effect immediately upon its entry.

8. This Court shall retain jurisdiction to hear and determine all matters, claims, rights or disputes arising from the implementation of this Order.

Dated:  New York, New York
        June 2, 2011

                              */s/ Shelley C. Chapman*
                              UNITED STATES BANKRUPTCY JUDGE